# IN THE COURT OF APPEALS OF IOWA

No. 23-0988
Filed August 30, 2023

**IN THE INTEREST OF B.T. and A.T.,**
**Minor Children,**

**J.T., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Poweshiek County, Patrick McAvan,

District Associate Judge.


    A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


    Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant mother.

    Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

    Rebecca L. Petig of Bierman & Petig, P.C., Grinnell, attorney and guardian

ad litem for minor children.


    Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to two children. She contends termination is not in the children's best interests. Following a de novo review of the record, *see In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021), we affirm.

The family came to the attention of the Iowa Department of Health and Human Services in December 2021 based on a report that the mother was using methamphetamine while caring for the children. The report also alleged that the mother used marijuana and allowed others to use it in the presence of the children. The children were adjudicated in need of assistance (CINA) and placed in the care of their paternal grandparents.

In the year that followed the CINA adjudication, the mother did not engage with the services offered to her or follow through with the expectations set out in the case permanency plan. At the direction of the juvenile court, the State petitioned to terminate the mother's parental rights. Following a hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2023).

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *A.B.*, 957 N.W.2d at 294 (citation omitted). The mother challenges only the second step of that analysis: "whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* (citation omitted). We limit our analysis to that step. *See In re J.F.*, No. 19-1647, 2020 WL 110404, at *1 (Iowa Ct. App. Jan. 9, 2020) (stating that "when, as here, the parent's claims only relate to one step in our analysis, we only address that step").

In determining whether termination of parental rights is in the children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "This consideration may include '[w]hether the parent's ability to provide the needs of the child is affected by the parent's mental capacity or mental condition' and the child's integration into a preadoptive home." In re J.H., 952 N.W.2d 157, 171 (Iowa 2020) (alteration in original) (citing Iowa Code § 232.116(2)(a), (b)). If a child can express a reasonable preference, we will consider that preference. Iowa Code § 232.116(2)(b)(2).

The record clearly shows that the children cannot be returned to the mother's custody. Despite losing custody of the children because of her substance abuse, the mother failed to obtain substance-abuse treatment or comply with drug testing. The lack of progress during the CINA proceedings gives us insight into her future performance. See In re B.H.A., 938 N.W.2d 227, 233 (Iowa 2020). And her unresolved substance-abuse issues impede the mother's ability to provide the children safety and permanency. See In re H.S., 805 N.W.2d 737, 748 (Iowa 2011) (noting that the "defining elements" of the best-interests analysis are a child's safety and "need for a permanent home" (citation omitted)). The children have a negative relationship with the mother, and the court issued a no-contact order at their request. Resuming contact with the mother would harm the children.

In contrast, the children are in a safe and stable placement with the paternal grandparents. At eleven and twelve years old, the children can express their preferences and have done so; they want parental rights terminated so that the

paternal grandparents can adopt them. The paternal grandparents are willing to do so. The department recommended terminating the mother's parental rights to allow for adoption, and the guardian ad litem agreed with the recommendation. Although the mother objects, her interest in preserving the parent-child relationship is outweighed by the children's best interests. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009) (recognizing that "at some point, the rights and needs of the children rise above the rights and needs of the parent"). Because clear and convincing evidence shows the children's best interests are served by terminating the mother's parental rights, we affirm.

**AFFIRMED.**